**EXHIBIT L**

**INGLE LAW FIRM**
111 West Monroe Street, Suite 716
Phoenix, Arizona 85003
Christopher B. Ingle (Ariz. Bar #025553)
Michelle Mozdzen (Ariz. Bar #028188)
cingle@inglelawfirm.net
mmozdzen@inglelawfirm.net
courtdocs@inglelawfirm.net
Telephone: (602) 615-8395
Fax: (602) 926-2753

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| XCENTRIC VENTURES, LLC, an Arizona Limited Liability Company; and, ED MAGEDSON, Individually,<br><br>Plaintiffs,<br><br>v.<br><br>BEN SMITH, in his individual capacity and as Sac County Attorney,<br><br>Defendant. | No.<br><br>**DECLARATION OF CHRISTOPHER B. INGLE** |

I, Christopher B. Ingle, hereby declare under penalty of perjury that the following is true and correct.

1. I am over eighteen years of age, am competent to make this Declaration, and have personal knowledge of the facts stated herein.
2. I am an attorney with Ingle Law Firm and have primary responsibility for representing non-party John Brewington ("Brewington") in this case.
3. On February 17, 2017, I became aware of the subpoena served upon my client.

1

4. On March 2, I informed plaintiff's counsel Maria Crimi Speth that I intended to file a Motion to Quash the subpoena.

5. I became very sick on March 4. I first went to Urgent Care, which performed some tests and administered IVs, and which then sent me directly to the Emergency Room at Tempe St. Luke's Hospital, where I was admitted and received further treatment, fluids, and medicines.

6. I do not know what time I was discharged from the hospital, but I believe it was on March 5.

7. I returned to the Emergency Room on March 6 and was admitted again.

8. Around this time I let my staff at the law firm know that I was in the hospital and could not work. I asked them to cancel all my appointments and request extensions on all my projects.

9. I stayed at home sick from March 6 through March 10.

10. I returned to the Emergency Room on, to the best of my recollection, March 11, and was again admitted. This time I was transported by ambulance. I believe that I may have been discharged the following day, March 12, but I confess that by this point I was not really keeping track of the exact date or time.

11. I have some documents from the hospital, ambulance, urgent care – billing records and discharge papers and such – and am willing to provide them to the Court upon request.

12. I threw up daily from March 4 and March 20. During this time I was unable to consume anything, even water, without vomiting a few minutes later.

13. I lost 25 pounds between March 1 and March 14. I started at 175 and within two weeks weighed 150 pounds, so this was a pretty significant percentage of my body mass.

14. I am a 37-year-old male. I do not recall ever being sick for more than a day

or two in my entire life. This incident is the sickest I have ever been, for the longest I have ever been sick.

15. I was eventually diagnosed with an anti-biotic resistant strain of pneumonia. I received treatment and medicine, and am now getting better.

16. One of the doctors, and I do not remember which one, strongly advised me to rest and recuperate, and not to work for several days.

17. I remained at home sick until March 20. During the week of March 20 I attempted to follow up on any and all important developments that had occurred while I was out sick, but I also tried not to over-exert myself and limited my office time.

18. On March 24 I communicated again with Ms. Speth. I informed her that I had been out sick but still intended to file the motion to quash. I further informed her that I planned to have it filed by Sunday, March 26.

19. As I began working on the motion I realized that I would need some deposition transcripts to support the motion. The transcripts were at the law office Gust Rosenfeld, which represented Brewington when those depositions were taken.

20. Gust Rosenfeld was not open on March 25 or 26 because it was the weekend.

21. I contacted Gust Rosenfeld on March 27 to request Brewington's old case files.

22. Gust Rosenfeld was unable to provide the files that same day but made them available at their office the following day, March 28. I personally picked up the files. Unfortunately the deposition transcripts were available only in paper copy, and would have to be scanned into electronic format.

23. On March 29 I retained a litigation support company to un-bind the transcripts and scan them into electronic format.

24. The foregoing events – my sudden illness, followed by the delay in obtaining the supporting evidence – meant that the Motion to Quash could not be filed until March 30, one day before the scheduled deposition date.

25. I understand that normally a litigant would seek a ruling on a motion to quash some time before the deadline for the discovery at issue, so that the issue may be decided without delaying the set discovery date. That was my original plan. I had planned to file this Motion to Quash in early March. I simply did not expect to come down sick so totally and completely, and for so long.

26. I filed the Motion to Quash on March 30, which is as soon as I could finish the research and writing and obtain the supporting evidence.

27. I apologize to the Court and opposing counsel that this Motion is filed only one day before the day the deposition is supposed to take place. However, these circumstances were unavoidable and I believe they constitute good cause for the delay. After all, I could not reasonably be expected to write the motion from my hospital bed.

28. I respectfully request that the Court excuse the delay in filing this Motion and issue its ruling on the merits of the claims and defenses.

29. It does not make sense to proceed with the deposition before the Court rules on the Motion to Quash. Brewington deserves to have his objection decided on the merits, and he should not be prejudiced by the delay in getting the Motion filed, which was not his fault. Therefore, I further respectfully request that the deposition currently set for March 31 be cancelled, and only if the Motion to Quash is denied, re-set for a date and time that work for all parties.

FURTHER DECLARANT SAYETH NAUGHT.

1 | DATED: March 29, 2017.                    Signed: /s/ *Christopher B. Ingle*