**INGLE LAW FIRM**
111 West Monroe Street, Suite 716
Phoenix, Arizona 85003
Christopher B. Ingle (Ariz. Bar #025553)
Michelle Mozdzen (Ariz. Bar #028188)
cingle@inglelawfirm.net
mmozdzen@inglelawfirm.net
courtdocs@inglelawfirm.net
Telephone: (602) 615-8395
Fax: (602) 926-2753

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| XCENTRIC VENTURES, LLC, an Arizona Limited Liability Company; and, ED MAGEDSON, Individually, <br><br> Plaintiffs, <br><br> v. <br><br> BEN SMITH, in his individual capacity and as Sac County Attorney, <br><br> Defendant. | No. 2:17-mc-00020 <br><br> **NON-PARTY JOHN BREWINGTON'S NOTICE OF ERRATA** <br><br> *(Assigned to the Honorable Diane J. Humetewa)* |

Non-party Deponent John Brewington ("Brewington"), by and through undersigned counsel, hereby gives notice of errata. On page 13 of the Motion to Quash, Brewington stated "Instead, they demanded that Mr. Kudriavtsev answer questions like 'where do you own property,' 'what are the names of your children,' 'how old are they,' and 'where do they go to school?'"

1

At time that text was written undersigned counsel was relying on his memory of a deposition that occurred four years ago, and did not have the transcript before him. The actual transcript reads:

Q. You had a baby, didn't you?

THE INTERPRETER: You had a baby, or you were a baby?

Q. BY MS. SPETH: No. You had a baby?

A. Yes, it happened.

Q. What is your son's birthday? Is it January 21st, 2010?

A. It's in January, but earlier than that.

*Deposition of Serguei Kudriavtsev*, <u>Exhibit J</u> to Motion to Quash, at pp. 93:25-94:7. Undersigned counsel was incorrect that Ms. Speth asked about Serguei's son's name. The questions about where he owns property read:

A. Well, at this point I can say that my family owns six or seven real estate properties.

Q. Do you live in all of them?

A. Depending of the season of the year and depending on my mood, as I already mentioned.

Q. When you say your family owns, is this you and your wife, or would this be your parents?

MR. INGLE: Objection.

A. At this moment I meant myself and my wife. I think that's enough.

*Id.* at p. 11:2-11:11. The questions about where people went to school was actually directed at the witness:

Q. Where did you go to school?

A. I went to school in Latvia.

| | |
|---|---|
| 1 | Q. What is the highest level of education that you completed? |
| 2 | A. I have master's degree in mathematics and physics. |
| 3 | Q. What school did you go to? What was the name of the college? |
| 4 | A. Do you want me to name international or Latvia? |
| 5 | Q. I don't care. Whatever he is comfortable with. I guess Russian so that you can translate it. |
| 7 | A. Latvian University. |
| 8 | Q. Is that in Riga? |
| 9 | A. Yes, it's in Riga. |
| 10 | Q. Where did you go to high school? |
| 11 | A. I went to high school in Latvia. |
| 12 | Q. What is the name of the high school? |
| 13 | A. I don't remember the number. It was just high school number such and such. |
| 16 | Q. It was a number, is what you're saying? |
| 17 | A. Yes. It didn't have a name. |
| 18 | Q. But it had a number? |
| 19 | A. Yes, it had a number. |

*Id.* at pp. 12:18-13:16. Under normal circumstances, this line of questions would perhaps be fine, were it not followed by this string of questions utterly irrelevant to the trademark infringement allegedly at issue:

Q. BY MS. SPETH: Can you tell me what the law of inertia is?

THE INTERPRETER: What? Can you repeat? Maria? Law of?

MS. SPETH: Galya, can you translate the word "inertia" or no?

THE INTERPRETER: Inertia? Yeah, sure. I just wasn't able to hear you.

3

| | |
|---|---|
| 1 | A. No. Right now, I cannot recollect it. Even more than that, I was a straight |
| 2 | A student. |
| 3 | Q. BY MS. SPETH: What is the first law of physics? |
| 4 | MR. INGLE: Objection. |
| 5 | A. Why are you asking this question? I don't understand. |
| 6 | Q. BY MS. SPETH: That's okay, you don't have to understand. Just answer |
| 7 | the question. |
| 8 | MR. INGLE: Objection. There is no such thing as the first law of physics. |

*Id.* at pp. 16:1-16:20. Since opposing counsel has already threatened to sue undersigned counsel for abuse of process in relation to the Motion to Quash, it seems important to set the record straight in this regard.

RESPECTFULLY SUBMITTED this 1st day of April, 2017.

**INGLE LAW FIRM**

By:/s/ *Christopher B. Ingle*
Michelle Mozdzen
Christopher B. Ingle
*Attorneys for non-party*
*John Brewington*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 1, 2017, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

> Maria Crimi Speth
> Jaburg & Wilk, P.C.
> 3200 North Central Avenue, Suite 2000
> Phoenix, Arizona 85012
> Email: mcs@jaburgwilk.com
> *Attorneys for Plaintiffs*

I emailed a copy of the attached documents plus any exhibits to the following:

| | |
|---|---|
| Kristopher Madsen | Joel Robbins |
| Stuart Tinley Law Firm, L.L.P. | Robbins & Curtin PLLC |
| 310 W. Kanesville Blvd. Second Floor | 301 East Bethany Home Road |
| Council Bluffs, Iowa 51501 | Suite B-100 |
| Email: | Phoenix, Arizona 85012 |
| Kristopher.Madsen@stuarttinley.com | Email: joel@robbinsandcurtin.com |
| *Attorneys for Defendant* | *Attorney to be noticed* |

Angela Campbell
Dickey & Campbell Law Firm, P.L.C.
301 East Walnut Street, Suite 1
Des Moines, Iowa 50309
Email: Angela@dickeycampbell.com
*Attorney to be noticed*

Dated: April 1, 2017

By: /s/ *Christopher B. Ingle*