**INGLE LAW FIRM**
111 West Monroe Street, Suite 716
Phoenix, Arizona 85003
Telephone: (602) 615-8395
Fax: (602) 926-2753
Christopher B. Ingle (Ariz. Bar #025553)
Michelle Mozdzen (Ariz. Bar #028188)
cingle@inglelawfirm.net
mmozdzen@inglelawfirm.net
courtdocs@inglelawfirm.net

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| XCENTRIC VENTURES, LLC, an Arizona Limited Liability Company; and, ED MAGEDSON, Individually, <br><br> Plaintiffs, <br><br> v. <br><br> BEN SMITH, in his individual capacity and as Sac County Attorney, <br><br> Defendant. | No. 2:17-mc-00020-DJH <br><br> **NON-PARTY JOHN BREWINGTON'S MOTION TO STRIKE PLAINTIFFS' REQUEST/MOTION FOR SANCTIONS** <br><br> *(Assigned to the Hon. Diane J. Humetawa)* |

Non-party Deponent John Brewington ("Brewington"), by and through undersigned counsel, hereby moves to strike Plaintiffs' "Motion for Sanctions," and Plaintiffs' Reply in Support of Motion for Sanctions. This Court must strike the "Motion for Sanctions" and any other documents claiming to relate back to that filing because Plaintiffs have failed to comply with the requirements of Fed. R. Civ. P. 11(c) and have

not actually filed a Motion for Sanctions, nor have they complied with the Rule's 21-day "safe harbor" provision.

This Motion to Strike is supported by the following Memorandum of Points and Authorities, and this Court's entire case file.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   BACKGROUND.

Plaintiffs subpoenaed non-party John Brewington to appear at for deposition testimony. Brewington filed a Motion to Quash because the subpoena commanded him to travel to another country over 200 miles away and constituted harassment. In Plaintiffs' Response, Plaintiffs added a few paragraphs requesting that this Court sanction either Brewington and/or his attorneys (it is unclear who Plaintiffs desire sanctions against) for daring to file such a motion, but failed to cite Rule 11, which governs their request.  The Rule prohibits a party from requesting sanctions in a response brief, as Plaintiffs did, and instead requires the requesting party to submit the request as a stand-alone motion.  Brewington's Reply pointed out that Plaintiffs had not followed the proper procedure and directed them to the process set forth in Rule 11.

Never ones to let the law stand in the way of their argument, Plaintiffs did not file their request for sanctions as a separate motion, but instead filed a 'Reply' in support of a motion for sanctions that they had not filed in the first place.  To date, Plaintiffs still have not filed a separate Motion for Sanctions as required under Fed. R. Civ. P. 11. Brewington, and apparently his attorneys as well, now ask the Court to strike both the "request" for sanctions in Plaintiffs' Response to Motion to Quash, and also their "reply" in support of their non-existent "motion for sanctions."

///

## II. LEGAL ANALYSIS.

### A. The Court must strike Plaintiffs' Motion for Sanctions because Plaintiffs failed to comply with the requirements of Rule 11(c).

Fed. R. Civ. P. 11(c)(2) states:

> Motion for Sanctions. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Plaintiffs have failed to comply with any part of Fed. R. Civ. P. 11(c)(2) as detailed herein. Fed. R. Civ. P. 11 "imposes mandatory obligations upon the party seeking sanctions, so that failure to comply with the procedural requirements precludes the imposition of the requested sanctions." *Hohu v. Hatch*, 940 F. Supp. 2d 1161, 1177 (N.D. Cal. 2013). Fed. R. Civ. P. 11 "establishes conditions precedent to the imposition of sanctions under the rule. If those conditions are not satisfied, the Rule 11 motion for sanctions may not be filed with the district court. If a non-compliant motion nonetheless is filed with the court, the district court lacks authority to impose the requested sanctions." *Id*.

### 1. Plaintiffs did not file a separate Motion for Sanctions.

Plaintiffs first requested sanctions in their Response to Brewington's Motion to Quash, but this does not satisfy the requirement imposed by Fed. R. Civ. P. 11(c)(2), that "[a]motion for sanctions must be made separately from any other motion."  Failure to comply with the procedural requirements must result in a denial of Plaintiffs' request. When a separate motion for sanctions is not brought, the request for sanctions must

3

be denied. *U.S. E.E.O.C. v. Lakemont Homes Inc.*, 718 F. Supp. 2d 1251, 1257 (D. Nev. 2010); *Corrigan v. Dale*, 162 Fed. Appx. 784, 786 (9th Cir. 2006). Plaintiffs' reply brief has no valid motion to relate back to, since Plaintiffs never filed a separate motion for sanctions. The plain language of the Rule requires the Court to strike both the request and the "reply."

## 2. Plaintiffs have failed to serve the parties against which sanctions are contemplated.

Fed. R. Civ. P. 11(c)(2) states further that "[t]he motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets."

Not only have Plaintiffs failed to file a motion for sanctions, Plaintiffs have also failed to serve a motion for sanctions upon those parties against whom sanctions are requested in accordance with Fed. R. Civ. P. 5. Service would certainly be helpful in determining who exactly Plaintiffs think the Court should sanction, because right now that is unclear. Failure to properly serve the motion will result in a denial of the request for sanctions. *Hohu v. Hatch*, 940 F. Supp. 2d 1161, 1177 (N.D. Cal. 2013) (holding that since defendant had not served Rule 11 motion on plaintiff twenty-one days before filing it with the court, defendant's request for sanctions was denied). Since Plaintiffs have not served a separate motion for sanctions, they have not followed the procedure mandated by Fed. R. Civ. P. 11(c)(2), and the request for sanctions must be denied.

///

### 3. Plaintiffs have not complied with the safe harbor provision.

Fed. R. Civ. P. 11(c)(2) requires that Plaintiffs wait 21 days after service of the motion before filing the motion for sanctions with this Court. Specifically, the Rule states any such motion "must not be filed or be presented to the court" until at least 21 days after service. The 21-day period begins once the motion for sanctions has been served. Plaintiffs have not served a motion for sanctions upon Brewington or his attorneys, which means no 21-day period has begun to run. Where a party has not complied with the safe harbor provisions of Rule 11 the request for sanctions must be denied. *U.S. E.E.O.C. v. Lakemont Homes Inc.*, 718 F. Supp. 2d 1251, 1257 (D. Nev. 2010); *Corrigan v. Dale*, 162 Fed. Appx. 784, 786 (9th Cir. 2006).

In other words, granting Plaintiffs' request for sanctions would be reversible error. *See Holgate v. Baldwin,* 425 F.3d 671, 678 (9th Cir.2005) ("We must reverse the award of sanctions when the challenging party failed to comply with the safe harbor provisions, even when the underlying filing is frivolous."). Plaintiffs, who are certainly aware of Rule 11 because Brewington pointed it out to them, are willfully violating the part of the Rule that states they "must not" do exactly what they did in this case. Plaintiff's "request" and "reply" must be stricken because Plaintiffs are knowingly refusing to follow the requisite procedure.

### 4. Plaintiffs are intentionally increasing the cost and expanding the scope of litigation.

Plaintiffs have an obligation to know the Federal Rules of Civil Procedure before they come into this Court. Plaintiffs apparently did not, as demonstrated by their inclusion of a request for sanctions in a response brief, which is clearly prohibited by Rule 11(c). Brewington was left with the task of educating Plaintiffs and their attorneys

on the procedural requirements governing their own request. Even after Brewington directed Plaintiffs to the proper procedure, they are still refusing to follow it. At this point one can only assume that Plaintiffs and their attorneys are engaging in a willful failure to learn. Plaintiffs, and their attorneys, know that they are not following the law. They are proceeding with their conduct to force Brewington to keep litigating this case. That is the same reason why they refuse to dismiss this action entirely, despite the fact that the Iowa case for which Plaintiffs wanted to depose Brewington settled weeks ago. Plaintiffs' only goal here is to drag Brewington into court and force him to pay attorneys to write motions such as this, so that he does not lose automatically based upon a failure to respond. Plaintiffs, and their attorneys, are needlessly and purposefully expanding the course of litigation specifically to increase the cost of litigation for Brewington and continue their pattern of abusing the legal system to harass their enemies. Ironically, this is the very type of conduct prohibited under Fed. R. Civ. P. 11(b).

### III.   CONCLUSION.

The law is the law. Plaintiffs are not exempt, and compliance is not optional. The provisions of Rule 11 exist for good reason, and by ignoring them, Plaintiffs are depriving Brewington of his legal rights. Plaintiffs know that they are not following the law; they simply do not care. They are happy to abuse the legal system unless and until someone stops them, which this Court should do. For all the foregoing reasons, Brewington respectfully requests that this Court strike, or in the alternative deny Plaintiffs' "request" for sanctions and their "reply" on the same topic.

RESPECTFULLY SUBMITTED this 5th day of May, 2017.

**INGLE LAW FIRM**

By:/s/ *Michelle Mozdzen*
Michelle Mozdzen
Christopher B. Ingle
*Attorneys for non-party*
*John Brewington*

# CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2017, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

> Maria Crimi Speth
> Jaburg & Wilk, P.C.
> 3200 North Central Avenue, Suite 2000
> Phoenix, Arizona 85012
> Email: mcs@jaburgwilk.com
> *Attorneys for Plaintiffs*

I emailed a copy of the attached documents plus any exhibits to the following:

Kristopher Madsen
Stuart Tinley Law Firm, L.L.P.
310 W. Kanesville Blvd. Second Floor
Council Bluffs, Iowa 51501
Email: Kristopher.Madsen@stuarttinley.com
*Attorneys for Defendant*

Joel Robbins
Robbins & Curtin PLLC
301 East Bethany Home Road
Suite B-100
Phoenix, Arizona 85012
Email: joel@robbinsandcurtin.com
*Attorney to be noticed*

Angela Campbell
Dickey & Campbell Law Firm, P.L.C.
301 East Walnut Street, Suite 1
Des Moines, Iowa 50309
Email: Angela@dickeycampbell.com
*Attorney to be noticed*

Dated: May 5, 2017

By: /s/ *Michelle Mozdzen*

8