**Jaburg & Wilk, P.C.**
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012
602.248.1000
Maria Crimi Speth (012574)
mcs@jaburgwilk.com
Aaron K. Haar (030814)
akh@jaburgwilk.com

**Robbins & Curtin, PLLC**
301 E. Bethany Home Rd., Ste B-100
Phoenix, Arizona 85012
602.285.0100
Joel B. Robbins (011065)
joel@robbinsandcurtin.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Xcentric Ventures, LLC, an Arizona limited liability company; and Ed Magedson, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>Ben Smith, in his individual capacity as Sac County Attorney,<br><br>Defendant. | Case No. 2:17-cv-01686-DJH<br><br>**REPLY IN SUPPORT OF MOTION TO SEAL DOCS. 1, 5 & 6** |

Plaintiffs Xcentric Ventures, LLC and Ed Magedson file their Reply in Support of Motion to Seal Docs. 1, 5 & 6. This Reply is supported by the following Memorandum of Points and Authorities.

### MEMORANDUM OF POINTS AND AUTHORITIES

**I.   INTRODUCTION**

Non-Party John Brewington does not dispute in his Response that the documents Plaintiffs request sealed are filled with irrelevant, false, and scandalous material. Instead, he admits he opposes the Motion to Seal because he wants "evidence of" Plaintiff's "wrongdoing" on the public record.

## II. THE INAPPROPRIATENESS OF BREWINGTON'S MOTION TO QUASH IS PLAINLY EVIDENT.

Even if the madcap claims in Brewington's Motion to Quash were true, a motion to quash a subpoena is not the place to levy every possible accusation and to air every possible criticism about the party seeking the evidence. There was no reason for Brewington to present "evidence of wrongdoing" unrelated to the case and, specifically, to the subpoena. Brewington's purported evidence of wrongdoing does not affect the "completeness and accuracy" of the record because the evidence has nothing to do with the subpoena and whether Plaintiffs were entitled to obtain the sought-after discovery. Brewington's role in the facts giving rise to the underlying lawsuit was notably given short shrift in his Motion to Quash—unquestionably because Plaintiffs were entitled to take his deposition. And a motion to quash certainly does not warrant citing generally to more than a thousand pages of irrelevant exhibits.

But, ultimately, Brewington's accusations of wrongdoing are false. And just as Brewington cited generally to his voluminous exhibits to create the false implication of wrongdoing, he now addresses the allegations in Plaintiffs' Motion to Seal generally in an effort to keep his defamatory claims as part of the record. He claims his brief response is an effort to conserve resources because "he would prefer this case to simply end." But Brewington's conduct at every step of this collateral matter—including blatantly evading service; forcing Plaintiffs to obtain an order for alternative service; filing the Motion to Quash the night before the scheduled deposition; making numerous immaterial, impertinent, defamatory, and scandalous allegations (which were immediately cited as authority by his cohort in another matter); attaching thousands of pages of irrelevant exhibits; having no reasonable basis for resisting the subpoena, filing the offending document in Superior Court to place it in another record beyond the reach of this Court; engaging in aggressive motion practice; forcing Plaintiffs to prepare a Rule 11 Motion and waiting to withdraw the offending documents until the very end of the 21-day, safe-harbor period; and opposing efforts to seal the offending documents— speak far louder than his words. Brewington has repeatedly taken action to multiply this

peripheral proceeding and unjustly impose unnecessary expenses on Plaintiffs. His claim that he is trying to conserve judicial resources is wholly inconsistent with his conduct.

Brewington also accuses Plaintiffs of "using the judicial system . . . to portray Brewington as one who makes false claims and arguments to attack his credibility in the public record." (Doc. 28, p. 2). Of course, it was Brewington who filed the "false claims and arguments" in the public record, necessitating the current Motion. Plaintiffs have focused on the relevant facts and law. Plaintiffs' efforts concerning Brewington's improper conduct has been purely responsive to Brewington's filings in this matter.

Brewington argues that "Plaintiffs have failed to identify any valid legal ground to seal this case, let alone one party's filings." (Doc. 28, p. 2). But as Brewington's Response recognizes, Plaintiffs do not seek to seal the entire case. Moreover, Plaintiffs have identified several valid legal grounds to seal the offending records. As indicated in the Motion to Seal, the U.S. Supreme Court has specifically recognized that documents filed for improper purposes—such as to gratify private spite, promote public scandal, and to circulate libelous statements—provide a compelling reason to seal a record sufficient to overcome the public's interest in access. (Doc. 26, p. 11). The entirety of the Motion to Seal is dedicated to demonstrating how Brewington's irrelevant accusations and voluminous exhibits were filed for these very reasons.

Brewington suggests that Plaintiffs only "want to conceal anything that reflects poorly on them[.]" (*Id.*) The Motion focused on the three offending filings in an effort to minimize the records removed from public access—and, of course, the three records technically relate to a single motion, the Motion to Quash (doc. 1), its exhibits (doc. 5), and its Notice of Errata (doc. 6). No other documents rise to the level of inappropriateness contained in these three filings.

The offending documents were clearly filed to place defamatory and scandalous matter on the record. Mr. Brewington's efforts are contemplated to satisfy his private spite, to scandalize Plaintiffs, and to legitimize his defamatory claims. There is no

3

1  reasonable justification for leaving Brewington's inappropriate filings available to the
2  public. Doing so would be in furtherance of his malicious design and would only
3  encourage such conduct in the future.

4  **III.   CONCLUSION**

5  Therefore, Plaintiffs Xcentric Ventures, LLC and Ed Magedson respectfully
6  request an order sealing Docs. 1, 5 & 6, and for any other relief the Court deems proper
7  and just.

8  DATED this 17th day of August, 2017.

**Jaburg & Wilk, P.C.**

/s/ Maria Crimi Speth
Maria Crimi Speth
Aaron K. Haar
3200 N. Central Avenue, 20th Floor
Phoenix, AZ 85012

**Robbins & Curtin, PLLC**

Joel B. Robbins
301 East Bethany Home Road, Ste B-100
Phoenix, AZ 85012

*Attorneys for Plaintiffs*

*Certificate of Service*

I hereby certify that on the 17th day of August, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing, and for transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Christopher B. Ingle
Michelle Mozdzen
Ingle Law Firm
111 West Monroe Street
Suite 716
Phoenix, Arizona  85003
cingle@inglelawfirm.net
mmozdzen@inglelawfirm.net
courtdocs@inglelawfirm.net

/s/Debra Gower