# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Xcentric Ventures LLC and Ed Magedson, | No. CV-17-01686-PHX-DJH |
| Plaintiffs, | **ORDER** |
| v. | |
| Ben Smith, | |
| Defendant. | |

Pending before the Court is what Non-Party John Brewington has designated as a "Notice of Withdrawal of his Motion to Quash, Notice of Filing Exhibits, and Notice of Errata (Doc. 25)," but which the Court has deemed a motion. None of the parties filed a response to this Motion. However, Plaintiffs did file a Motion to Seal wherein they are seeking to file the Motion to Quash and both Notices. This Motion to Seal is fully briefed. (Docs. 26, 28, and 29). The Court now issues its ruling.

**I. Background**

This matter began when Mr. Brewington filed a motion to quash a deposition subpoena issued by Plaintiffs. (Doc. 1). Plaintiffs, who initiated a case in the Northern District of Iowa, *Xcentric v. Smith*, 15-CV-408-LTS, sought to depose Mr. Brewington related to his involvement with the defendant, Mr. Smith. Shortly after filing his motion to quash, Mr. Brewington filed a Notice of Filing Exhibits ("Notice") to his motion. (Doc. 5). The Notice included seventeen separate documents amounting to over 1,000

pages. Included therein are portions of deposition transcripts[1] from a 2007 court case, e-mails, copies of internet pages, various correspondence and a list of search terms among other material. Shortly after filing that Notice, Mr. Brewington then filed a Notice of Errata (Doc. 6), which purported to correct his earlier characterization of deposition testimony. In responding to Mr. Brewington's motion to quash, Plaintiffs argued that the motion was factually and legally without merit and that his exhibits include protected or otherwise confidential material. (Doc. 7 at 10-12). Shortly thereafter, *Xcentric v. Smith* settled, obviating the need to depose Mr. Brewington. (Doc. 9).

**II. Plaintiffs' Motion to Seal**

Notwithstanding Mr. Brewington's motion to withdraw, essentially ending this case, Plaintiffs now ask this Court to seal his motion to quash, notice of exhibits and notice of errata (Docs. 1, 5 and 6). Plaintiffs specifically rely upon Fed.R.Civ. P. 5.2(e) and 26(c).[2] Plaintiffs argue that these foregoing documents should be sealed because they "were filed solely for improper purposes, including to 'gratify private spite,' 'promote public scandal,' 'circulate libelous statements,' and impose unnecessary delay and increase Plaintiffs' costs." (Doc. 26 at 11:17-19) (citations omitted) (quoting *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978))  Plaintiffs also argue that the documents are not relevant to the original need for the deposition; nor do they assist the public in understanding the judicial process. (*Id.* at 11-12). Mr. Brewington briefly responds that Plaintiffs' arguments are "irrelevant to the legal standard for sealing documents," among other general assertions. (Doc. 28 at 1:23-24).

. . . .

. . . .

---

[1] Some of the transcript involved Plaintiff's counsel, Ms. Speth, deposing Mr. Brewington.

[2] Plaintiffs' reliance upon Rules 5.2(e) and 26(c) is misplaced because, as they recognize, the documents which they are seeking to seal are judicial records and hence subject to the compelling reason standard and not the good cause found in those two Rules. *See* Doc. 26 at 10:24-25. Further, on the face of it the Court fails to see the applicability of Rule 5(d)(1).

### a. Legal Standards

Given that the motion to compel and attendant notices have become part of the judicial record, the "'compelling reasons' standard" applies here. *See Pintos v. Pacific Creditors Ass'n.*, 605 F.3d 665, 677-678 (9th Cir. 2010) (internal quotations marks and citations omitted). "This standard derives from a common law right to inspect and copy public records and documents, including judicial records and documents." *Id.* at 678 (internal quotation marks and citation omitted). The "'compelling reasons'" must be "supported by "'specific factual findings [that] outweigh the general history of access and the public policies favoring disclosure.'" *Id.* at 678 (quoting *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006).

"Under this stringent standard, a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096–97 (9th Cir.) (quoting *Kamakana*, 447 F.3d at 1179), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 137 S. Ct. 38. "The court must then 'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1097 (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003) (alteration in original) (internal quotation marks omitted)). "What constitutes a 'compelling reason is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon*, 435 U.S. at 599).

. . . .
. . . .
. . . .
. . . .
. . . .
. . . .
. . . .
. . . .

### b. Application

Plaintiffs have failed to meet the compelling reasons standard because they use the same argument while broadly referring to what are separate and distinct exhibits. As mentioned, Mr. Brewington's Notice includes over 1,000 pages of documents in seventeen separate exhibits. By its review, the Court notes that some of those exhibits include public agency documents, copied publically accessible web-based documents and documents contained in other publicly available court records. Plaintiffs also asserts that "[d]espite their knowledge that Plaintiffs sought to remove the . . . content from the record, [he] filed the Motion [to Quash] in another court to (1) place it elsewhere in the public record and (2) place it beyond the reach of this Court[.]" (Doc. 26 at 6).

Unfortunately for Plaintiffs, stating the applicable standard, then broadly asserting that multiple pages of separate exhibits, without explaining why each of them should be sealed, does not aid the Court in making the "specific factual finding" required to seal documents. *See Kamakana*, 447 F.3d at 1178. Moreover, some of the exhibits are already in the public record and Plaintiffs does not explain how the "compelling reasons" standard is met under these circumstances. *See id*. It is obvious from the documents filed in this case, and as described in Plaintiffs' motion to seal, that Mr. Brewington and Plaintiffs have a long and tortured history. Nonetheless, the parties' relationship may not, in one fell swoop, justify the sealing of numerous separate exhibits without the requisite "specific factual findings." *See id*. Nor can it defeat the common law right to public access of court documents, especially where many of the very same documents are publicly accessible elsewhere. Plaintiffs' failure to adequately articulate compelling reasons supported by specific factual findings, obviates the need for the Court to engage in the balancing of competing interests.

### III. Conclusion

Given that the underlying reasons for Mr. Brewington's motion to quash have been resolved, the Court will grant this motion and terminate this case. However, because that Plaintiffs have not sufficiently met their burden with respect to their motion

- 4 -

1  to seal, the Court will deny that motion.

2      Accordingly,

3      **IT IS HEREBY ORDERED GRANTING** Mr. Brewington's Motion to
4  Withdraw (Doc. 25).

5      **IT IS FURTHER ORDERED DENYING** Plaintiffs' Motion to Seal (Doc. 26).

6      **IT IS FURTHER ORDERED** that the Clerk of the Court shall kindly terminate
7  this case.

8      **Dated** this 16th day of October, 2017.

Honorable Diane J. Humetewa
United States District Judge